**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| AMBIKA PRASAD, | No. 07-71821 |
| Petitioner, | Agency No. A095-591-654 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010 [**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Ambika Prasad, a native and citizen of Fiji, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

PR/Research

protection under the Convention Against Torture ("CAT"), and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1055-56 (9th Cir. 2006), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary denial of voluntary departure. 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i).

Substantial evidence supports the agency's finding that, even if Prasad's asylum application was timely, he did not establish past persecution or a well-founded fear of future persecution because he failed to demonstrate the government was unable or unwilling to protect him from the native Fijians who robbed and physically harmed him. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (petitioner did not show government was "unable or unwilling to control" where German police took reports and investigated incidents of threats, even though police did not solve the crimes); *see also Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (noting the burden is on the applicant to show that the government is unable or unwilling to control the non-governmental persecutor). Further, the record does not compel the conclusion that Prasad established a pattern or practice of persecution of Indo-Fijians in Fiji. *See Wakkary*

*v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009).  Accordingly, Prasad's asylum claim fails.

Because Prasad did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of Prasad's CAT claim because he failed to demonstrate it is more likely than not he will be tortured if returned to Fiji.  *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**